1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONNECTU LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOWITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, THE FACEBOOK, INC,<br><br>　　　　Defendants.<br>_____<br>MARK ZUCKERBERG, THE FACEBOOK, INC.,<br><br>　　　　Plaintiff-in-Counterclaim,<br><br>　　v.<br><br>CONNECTU LLC,<br><br>　　　　Defendant-in-Counterclaim,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA,<br><br>　　　　Additional Defendants-in-Counterclaim. | NO.<br><br>MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE<br><br>Relating to USDC District of Massachusetts Civil Action No. 2004-11923 DPW |

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON
NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST
SOFTWARE - 1
(_____)

1922988.1

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

## I. RELIEF REQUESTED

Non-parties, Pacific Northwest Software, a Washington State corporation, headquartered in Redmond, Washington, and John Taves, the president of Pacific Northwest Software and a resident of Redmond, Washington, hereby move this Honorable Court, pursuant to Fed. R. Civ. P. 26(c) and 45(c) for an order quashing the deposition subpoenas duces tecum served on them by the defendants, or in the alternative a Protective Order limiting the scope of the documents requested. (Copies of the subpoenas are attached as Exhibit A to the Declaration of John Taves).

## II. RELEVANT BACKGROUND FACTS

Pacific Northwest Software and John Taves were each served with a deposition subpoena duces tecum. The subject subpoenas duces tecum were dated September 26, 2006, and issued by the United States District Court for the Western District of Washington, commanding Pacific Northwest Software and John Taves to produce those documents identified on the "Attachment A" to each subpoena in the matter of <u>ConnectU LLC v. Zuckerberg, et al.</u>, United States District Court, District of Massachusetts, CV 2004-11923 DPW.

On October 19, 2006, Pacific Northwest Software and John Taves filed a Motion to Quash the subpoenas in the United States District Court for the District Court of Massachusetts, CV No. 2004-11923 DPW. Magistrate Judge Collings heard oral argument on the motion on October 25, 2006, and the motion was denied without prejudice. Magistrate Judge Collings directed non-parties Pacific Northwest Software and John Taves to file a motion before this Court.

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE - 2
(_____)

1922988.1

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

III.  ARGUMENT AND AUTHORITY

A.   The Subpoenas Are Outside the Scope of Relevant Discovery.

Discovery was to be completed in the District Court of Massachusetts matter by December 15, 2005 pursuant to the Scheduling Order of March 29, 2005.  Both of the subpoenas were not timely issued or served, and are beyond the scope of discovery permitted pursuant to the District Court of Massachusetts's August 24, 2006 Second Memorandum and Procedural Order (the "August 24, 2006 Order" attached as Exhibit A to the Declaration of Arissa Peterson).  The subpoenas are overbroad, will impose an undue burden and expense on the non-parties, seek documents concerning Pacific Northwest Software's relationship with, among other entities, plaintiff Connectu LLC, which relationship did not begin until December 2004, three months following the filing of this litigation and otherwise seeks documents containing trade secrets, confidential, commercial or otherwise proprietary financial and business information.  (*See* Declaration of John Taves).  Pacific Northwest Software offers custom software and web development for companies and it provided development services to Connectu LLC beginning in late December 2004.  (*See* Declaration of John Taves).

The defendants' issuance and service of these subpoenas appear to be untimely as "any requests for document on the issue [of Divya Narendra's membership in Connectu LLC] must be served **on or before the close of business on Friday, September 1, 2006**."[1]  Even assuming the subpoenas were timely served, which is denied, the documents requested exceed the limited area of inquiry allowed.  The documents sought by the defendants in these subpoenas include, among others, communications between Pacific Northwest Software and the plaintiff, as well as billing records for work it performed on behalf of plaintiff and others.  These requests are not restricted to "Divya Narendra's membership in Connectu LLC at the

---

[1] August 24, 2004 Second Memorandum and Procedural Order (p. 17), Exhibit A to Peterson Decl.

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE - 3
(_____)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1922988.1

1  time the original complaint was filed" as the August 24, 2006 Order makes clear was the only
2  discovery permitted. Many of the documents which may reference Connectu also include
3  confidential, proprietary information regarding some of Pacific Northwest Software's other
4  clients, which Pacific Northwest Software has treated confidentially, and have important
5  consequences for Pacific Northwest Software's past and future marketing and business
6  strategies and financial information. *See* Declaration of John Taves. Pacific Northwest
7  Software and John Taves have responded by way of records custodian affidavits (attached as
8  Exhibit B to the Declaration of John Taves) that after searching the files and back-up server,
9  they have no documents responsive to requests 1, 2 and 4 of the subpoenas. This leaves
10 requests 3, 5, 6 and 7 to be addressed by this Court.

11 B.     The Subpoenas Call For Production of Confidential Commercial Information, Trade Secrets and Subject Non-Parties to Undue Expense and Burden.

Fed. R. Civ. P. 45(c)(3)(B) permits a Court to quash a subpoena seeking confidential commercial information, trade secrets and/or subjects a person to undue burden or expense. This Court, pursuant to Fed.R.Civ.P. 26(c)(1) and (7) may enter an order that justice requires to protect a non-party, including: "(1) that disclosure not be had… [and] (7) that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way." Rule 45(c)(1) also requires "the attorney responsible for the issuance and service of a subpoena to take reasonable steps to avoid imposing an undue burden or expense on a person subject to that subpoena." In this case, counsel for the defendants have issued a subpoena beyond the discovery deadline seeking documents that exceed the August 24, 2006 Order.

The defendants have not indicated any substantial need for the requested documents, especially in light of the potentially dispositive motion filed by the defendants, as well as the August 24, 2006 Order which limited discovery to the issue of Divya Narendra's membership

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE - 4
(_____)

1922988.1

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1  in Connectu LLC at the time the complaint was filed. If the only discovery permitted in this case is on the above topic, the defendants failed to properly narrow the scope of their untimely subpoenas.

By establishing, through the supporting Declaration of John Taves that the documents sought by defendants concern confidential, sensitive and proprietary information, the disclosure of which may cause it harm, Pacific Northwest Software and John Taves have shifted the burden to defendants to show they have a substantial need for the documents. R&D Business Systems v. Xerox Corporation, 152 F.R.D. 195, 196 (D. Colo. 1993). The Court must "balance the need for the disclosure against the injury" that may result from the production of the documents. Id. at 197. This is especially important when the documents are sought from a non-party. "Courts are required to balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure." Echostar Communications Corp. v. The News Corporation Limited, 180 F.R.D. 391, 394 (D. Colo. 1998). The potential hardship to Pacific Northwest Software in having to divulge these documents is an important factor to be considered in determining whether to quash the subpoena.

Pacific Northwest Software and John Taves assert that the defendants do not have a "substantial need" for the documents and/or that the subpoenaed documents are overbroad, cumulative and/or not relevant to the limited issue currently before the Court. The defendants should be required to establish a sufficient basis that their subpoenas were timely and that the documents requested are relevant and necessary to the issue of Divya Narendra's membership in Connectu LLC. See Compaq Corporation Corp. v. Packard Bell Electronics, 163 F.R.D.

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE - 5
(_____)

1922988.1

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

329, 335 (1995).  The potential for harm to befall Pacific Northwest Software and John Taves in having to produce these documents outweighs the defendants' claimed need for the records.

Pacific Northwest Software and John Taves have established a need for protecting their records from disclosure.  This Court should, in weighing all of the factors, either quash the subpoena or issue a Protective Order permitting Pacific Northwest Software and John Taves to withhold the documents requested in paragraphs 3, 5, 6 and 7 of the subpoena and preclude the defendants from deposing them on those topic areas.

C.   The Objection is Timely.

Facebook claims PNWS has waived its objection by not moving to quash sooner.  A court may consider an untimely objection to a subpoena duces tecum when the subpoena is overly broad on its face and exceeds the bounds of fair discovery, when the subpoenaed witness is a non-party acting in good faith, and when counsel for the witness and counsel for the subpoenaeing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena.  See American Elec. Power Co. v. United States, 191 F.R.D. 132, 137 (D. Ohio 1999).  Here, on or about October 5, 2006, counsel for non-parties John Taves and Pacific Northwest Software contacted defendants' counsel to discuss the scope and compliance with the subpoena.  See Declaration of Arissa Peterson.  Pacific Northwest Software has complied with portions of the subpoena by providing a declaration of records custodian as to those categories of documents.  The overbroad and objectionable portions is the subject of this motion to quash.  Even if the objection period had passed prior Pacific Northwest Software's first filing of the motion to quash on October 19, 2006, this Court may still consider the motion to quash.  See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (D. Cal. 2005) ("In light of the overbroad nature of the

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE - 6
(_____)

1922988.1

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

subpoena served . . . on nonparty KSA, the Court finds defendant's objections to the subpoena have not been waived.").

D.     Compliance with Local Rule 37.

Pursuant to Local Rule 37, prior to filing this motion, counsel for Pacific Northwest Software and John Taves conferred in good faith with counsel for the defendants in an effort to resolve the dispute. *See* Declaration of Arissa Peterson.

Pacific Northwest Software and John Taves request that this Honorable Court enter an Order quashing the deposition subpoenas duces tecum or, in the alternative, issue a Protective Order limiting any production of documents to paragraphs 1, 2 and 4 of the subpoenas and permitting Pacific Northwest Software and John Taves to withhold those documents responsive to paragraphs 3, 5, 6 and 7 of the subpoenas.

RESPECTFULLY SUBMITTED this 26th day of October, 2006.

>                       s/Arissa M. Peterson, WSBA #31875
>                       Attorneys for Non-Parties Pacific Northwest
>                       Software and John Taves
>                       WILLIAMS, KASTNER & GIBBS PLLC
>                       601 Union Street, Suite 4100
>                       Seattle, WA  98101-2380
>                       Telephone:  (206) 628-6600
>                       Fax:  (206) 628-6611
>                       Email:  apeterson@wkg.com

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE - 7
(_____)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1922988.1

## CERTIFICATE OF SERVICE

I, Arissa M. Peterson, hereby certify that I caused a copy of the foregoing Motion to Quash Deposition Subpoenas Duces Tecum Served on Non-Parties, John Taves and Pacific Northwest Software, by first-class mail, postage prepaid, to the following:

| | |
|---|---|
| Lawrence R. Robins, Esq.<br>Jonathon M. Gelchinsky, Esq.<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRET & DUNNER, L.L.P.<br>55 Cambridge Parkway<br>Cambridge, MA  02142<br>Ph: (617) 452-1600<br>Fax: (617) 452-1666 | Gordon P. Katz, Esq.<br>Daniel K. Hampton, Esq.<br>HOLLAND & KNIGHT, LLP<br>10 St. James Avenue<br>Boston, MA  02116<br>Ph: (617) 523-2700<br>Fax: (617) 523-6850 |
| John F. Hornick (*pro hac vice*)<br>Margaret A. Esquenet (*pro hac vice*)<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC  20001<br>Ph: (202) 408-4000<br>Fax: (202) 408-4400 | Robert P. Hawk (*pro hac vice*)<br>HELLER EHRMAN LLP<br>275 Middlefield Road<br>Menlo Park, CA  94025<br>Ph: (650) 324-7000<br>Fax: (650) 324-6016 |
| Steven M. Bauer, Esq.<br>Jeremy P. Oczek, Esq.<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA  02110<br>Ph: (617) 526-9600<br>Fax: (617) 526-9899 | G. Hopkins Guy, III (*pro hac vice*)<br>I. Neel Chatterjee (*pro hac vice*)<br>Monte Cooper (*pro hac vice*)<br>Joshua H. Walker (*pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025-1015<br>Ph: (650) 614-7400<br>Fax: (650) 614-7401 |
| Donald Daybell (*pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>4 Park Plaza, Suite 1600<br>Irvine, CA  92614-2558<br>Ph: (949) 567-6700<br>Fax: (949) 567-6710 | Michael P. Giunta<br>Kevin G. Kenneally<br>Donovan Hatem LLP<br>Two Seaport Lane<br>Boston, MA  02210<br>Ph: (617) 406-4500<br>Fax: (617) 406-4501 |

Date: October 26, 2006          s/Arissa M. Peterson, WSBA #31875
                                Arissa M. Peterson

MOTION TO QUASH SUBPOENAS DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES AND PACIFIC NORTHWEST SOFTWARE - 8
(_____)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1922988.1