1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONNECTU LLC,

        Plaintiff,

    v.

MARK ZUCKERBERG, EDUARDO
SAVERIN, DUSTIN MOSKOWITZ,
ANDREW MCCOLLUM, CHRISTOPHER
HUGHES, THE FACEBOOK, INC,

        Defendants.

MARK ZUCKERBERG, THE FACEBOOK,
INC.,

        Plaintiff-in-Counterclaim,

    v.

CONNECTU LLC,

        Defendant-in-Counterclaim,

and

CAMERON WINKLEVOSS, TYLER
WINKLEVOSS, DIVYA NARENDRA,

        Additional
        Defendants-in-Counterclaim.

NO.

DECLARATION OF JOHN TAVES IN
SUPPORT OF MOTION TO QUASH
SUBPOENA DUCES TECUM

Relating to USDC District of
Massachusetts Civil Action
No. 2004-11923 DPW

DECLARATION OF JOHN TAVES IN SUPPORT OF MOTION TO
QUASH SUBPOENA DUCES TECUM - 1
(_____)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1923002.1

I, John Taves, hereby declare and state as follows:

1.     I am the principal owner, director and officer of Pacific Northwest Software, Inc. ("PNWS").  I am an authorized records custodian of Pacific Northwest Software, Inc.  I make this declaration based upon personal knowledge.

2.     I was served with a subpoena duces tecum by Facebook for the production of documents relating to my former customer, ConnectU, LLC in *ConnectU v. Facebook, Inc., et al.*, Cause Number 1:04-CV-11923, USDC District of Massachusetts on or about September 28, 2006.  *See* Exhibit A.

3.     PNWS offers custom software and web development for companies.  PNWS performed development services for ConnectU, LLC from December 2004 through June 2006.

4.     I executed records custodian affidavits as to requests 1, 2 and 4 of the subpoena duces tecum.  After searching the files and back-up server for PNWS, no responsive documents were located.  *See* Exhibit B.

5.     PNWS did not start working for ConnectU until late December 2004.

6.     The communications that Facebook seeks in the subpoena duces tecum include all communications that PNWS had with ConnectU, without any date restriction.  There are over 500 documents that were pulled from the server that may include communications involving ConnectU.  These communications involve confidential, proprietary matters.  The requests are overbroad in that they also seek documents that while they reference ConnectU, also include confidential, proprietary information regarding some of PNWS's other clients.  These documents include materials that would disclose PNWS marketing strategies, business

DECLARATION OF JOHN TAVES IN SUPPORT OF MOTION TO
QUASH SUBPOENA DUCES TECUM - 2
( _____ )

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1923002.1

1   strategies and other financial and business information.   Such information would need to be

2   redacted prior to disclosure.

3        7.        Facebook also seeks billing records and invoices regarding ConnectU.  Payment

4   was handled through wire transfers and would include the disclosure of confidential financial

5   information of both ConnectU and PNWS.

6        The foregoing statement is made under penalty of perjury under the laws of the State of

7   Washington and is true and correct.

8        Signed at Redmond, Washington, this __26th__ day of October, 2006.

9

10

11   
     JOHN TAVES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF JOHN TAVES IN SUPPORT OF MOTION TO
QUASH SUBPOENA DUCES TECUM - 3
(_____)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1923002.1

# EXHIBIT A

Reference Number# 00362462-06

# U.S. LEGAL SUPPORT

**DUE: 10/11/06**

[X] **Calabasas**
4232-1 Los Virgenes Road
Calabasas, CA 91302
Phone: 818-878-3008
Fax: 818-878-9851

[ ] **Pasadena**
127 N. Madison Ave., Suite 104
Pasadena, CA 91101
Phone: 626-397-9690
Fax: 626-397-9696

[ ] **Santa Monica**
3251 Ocean Park, Suite 106
Santa Monica, CA 90405
Phone: 310-396-6414
Fax: 310-396-1764

[ ] **Sacramento**
1550 Harbor Blvd., Suite 207
West Sacramento, CA 95691
Phone: 916-372-2202
Fax: 916-372-2077

[ ] **San Diego**
751 Hotel Circle South, Suite 230
San Diego, CA 92108
Phone: 619-295-3655
Fax: 619-295-3654

[ ] **Inland Empire**
1420 E. Cooley Drive, Suite 102
Colton, CA 92324
Phone: 909-872-0787
Fax: 909-875-0882

[ ] **Orange County**
1748 W. Katella Ave., Suite 209
Orange, CA 92867
Phone: 714-532-1600
Fax: 714-532-1011

[ ] **San Francisco**
144 South Spruce Ave.
So. San Francisco, CA 94080
Phone: 650-873-9188
Fax: 650-873-8081

## NOTICE TO PARTIES BEING SUBPOENAED

TO THE CUSTODIAN OF RECORDS OF:
    Pacific Northwest Software
    2210 177th Place NE
    Redmond, WA 98052

RECORDS REGARDING:
    Connectu
    DOB:
    SSN:

RECORDS SOUGHT:
    Obtain all documents and records, including all communications that refer
    to, relate to, or reflect the organization or membership of ConnectU LLC,
    Divya Narendra, etc. SEE ATTACHMENT A AND B FOR DETAILS.
    1)  Remember to sign the enclosed Declaration of Custodian of Records form.
    2)  Please include our reference number, 00362462-06, on all correspondence.

You may satisfy the provisions of this subpoena by complying with any one of the following instructions:

1)  Allow U.S. LEGAL SUPPORT to photocopy the requested records.

2)  Appear at the scheduled time and place, bringing with you the originals of all of the records described in the subpoena.

3)  Mail your response to our attention, taking the following steps:

    a.  Copy the requested records (or duplicate the requested items or materials), if no such records or materials, go to step c.
    b.  **Contact U.S. LEGAL SUPPORT prior to sending the records if there are any additional fees for producing the records or materials.**
    c.  Complete the declaration form (the last page in the subpoena packet sent to you) to indicate the records and/or items being sent, or to indicate that you have none of the records and/or items requested if they do not exist.
    d.  Mail records to the field office whose address is checked off at the top of this notice. Please make sure to include our reference number (found in the upper right hand corner of this notice) on all correspondence you send.

WHEN THE AFOREMENTIONED RECORDS ARE AVAILABLE TO BE COPIED, PLEASE CONTACT THE OFFICE INDICATED ABOVE.

IF YOU HAVE ANY QUESTIONS REGARDING THE ATTACHED SUBPOENA OR HOW TO RESPOND, PLEASE FEEL FREE TO GIVE US A CALL.

Reference Number# 00362462-06    DUE: 10/11/06

.8 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF WASHINGTON

CONNECTU LLC

V.

FACEBOOK, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:04-CV-11923
USDC District of Massachusetts

TO: Pacific Northwest Software
2310 177th Place NE
Redmond WA 98052

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 18, 2006, 9:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 11, 2006, 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Theresa A. Sutton, Counsel for Defendants Facebook, Zuckerberg, Moskovitz, McCollum, and Hughes    (Tel. 650.614.7400)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

2002 © American LegalNet, Inc.

§ 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American Legalnet, Inc.

AUG 05   18:06      818-978-9951            US LEGAL SUPPORT                    PAGE   06/26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN,<br>DUSTIN MOSKOVITZ, ANDREW MCCOLLUM,<br>CHRISTOPHER HUGHES, and FACEBOOK,<br>INC.,<br>        Defendants.<br><br>MARK ZUCKERBERG, and FACEBOOK, INC.,<br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER<br>WINKLEVOSS, and DIVYA NARENDRA,<br><br>        Additional Counterdefendants. | CIVIL ACTION NO. 1:04-CV-11923<br>(DPW) |

AMENDED NOTICE OF SUBPOENA TO PACIFIC NORTHWEST SOFTWARE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure Defendant and Counterclaimant Facebook, Inc. will take, by oral

examination, the deposition of Pacific Northwest Software, which will commence on

October 18, 2006, at 9:00 A.M. at the law offices of Orrick, Herrington & Sutcliffe LLP,

719 Second Avenue, Seattle, Washington, or at a time and place agreed upon by counsel. The

deposition will continue from day to day until completed. The testimony of Pacific Northwest

NOTICE OF SUBPOENA TO PACIFIC NORTHWEST SOFTWARE

OHS West:260097057.1

Software will be recorded by video, as well as stenographic means including the instant visual display of testimony. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Pacific Northwest Software shall designate one or more officers, directors, agents, employees or other persons who have knowledge of and will to testify on behalf of Pacific Northwest Software with respect to the subjects specified in Attachment B.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Facebook will request that Pacific Northwest Software produce the documents identified in Attachment A to the subpoena for inspection and copying on October 11, 2006, at the address listed in the subpoena. A true and correct copy of the subpoena is attached.

Dated: September 26, 2006

Theresa A. Sutton (*Admitted Pro Hac Vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401

PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:    (617) 526-9600
Facsimile:    (617) 526-9899

Attorneys for Mark Zuckerberg,
Dustin Moskovitz, Andrew McCollum,
Christopher Hughes, and Facebook, Inc.

-2-

NOTICE OF SUBPOENA TO PACIFIC NORTHWEST SOFTWARE

## Attachment A

1. All communications that refer to, relate to, or reflect the organization or membership of ConnectU LLC as of September 2, 2004, including all communications with any party representing ConnectU LLC or www.connectu.com which reflects worked performed for ConnectU LLC or the responsibilities of that party to ConnectU LLC.

2. All communications that refer to Divya Narendra (including as a recipient of any such communication) and that summarize, describe, refer or relate to ConnectU LLC, www.connectu.com, or HarvardConnection.

3. All communications between you and HarvardConnection; iMarc, LLC; ConnectU, LLC; ConnectU, Inc.; Cameron Winklevoss; Tyler Winklevoss; Howard Winklevoss; and/or Maria Antonelli.

4. All communications that summarize, describe or refer to the formation and membership of ConnectU LLC or Harvard Connection.

5. All handwritten notes, billing records, emails, electronic communications, or the like, which refer or relate to ConnectU LLC, www.connectu.com, www.facebook.com, and/or TheFacebook.

6. All billing or similar records for worked performed for, on behalf of, or by, Harvard Connection, ConnectU LLC, and/or www.connectu.com, including the dates of such work.

7. All communications that summarize the role of Winklevoss Consultants, Inc, Winklevoss Technologies, LLC or Winklevoss LLC, to the extent that such communications also concern Harvard Connection, ConnectU LLC or www.connectu.com.

**Attachment B**

**Topics for Deposition**

1. The creation of, authenticity of, location of, attempt to identify, and efforts to locate and produce all documents identified in Attachment A of this subpoena *duces tecum*.

2. Communications regarding the organization or membership of ConnectU LLC as of September 2, 2004, including all communications with any party representing ConnectU LLC or www.connectu.com which reflects worked performed for ConnectU LLC or the responsibilities of that party to ConnectU LLC.

3. Communications regarding Divya Narendra and ConnectU LLC, www.connectu.com, or HarvardConnection.

4. Communications between you and HarvardConnection; iMarc, LLC; ConnectU, LLC; ConnectU, Inc.; Cameron Winklevoss; Tyler Winklevoss; Howard Winklevoss; and/or Maria Antonelli.

5. Communications regarding the formation and membership of ConnectU LLC or Harvard Connection.

6. Corporate (including, without limitation, notes, billing, or financial) records that refer to ConnectU LLC, www.connectu.com, www.facebook.com, TheFacebook, and/or Harvard Connection.

7. Your relationship with, including any work you performed for ConnectU LLC, www.connectu.com, and Harvard Connection.

8. Communications regarding Winklevoss Consultants, Inc, Winklevoss Technologies, LLC or Winklevoss LLC, to the extent that such communications also concern Harvard Connection, ConnectU LLC or www.connectu.com.

OHS West:260097444.1

2005  10:05    818-878-9851                    US LEGAL SUPPORT                    PAGE  10/26

# .S. LEGAL SUPPORT
4232-1 Las Virgenes Road, Suite 100, Calabasas, California 91302
PHONE: (818) 878-9227 FAX:(818) 878-9851                    00362462-06

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON:  Connectu
D.O.B.:              S.S.N.:              LOCATION: Pacific Northwest Software
I being the duly authorized custodian of records and having the authority to certify the records,
declare the following:

### 1. DESCRIPTION OF RECORDS PRODUCED:  (Must select at least one)

_____Medical  _____Billing  _____Radiological  _____Insurance  _____Employment

_____Payroll  _____Academic  _____Other_____

The records were prepared by the personnel of the business in the ordinary course of business at
or near the time of the act, condition, or event.

### 2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:

_____Medical  _____Billing  _____WCAB Recs  _____Insurance  _____Physical Therapy  _____Sign-in sheets

_____Employment  _____Pathology reports/materials  _____Prescription/Pharmacy  _____Photographs

_____Videotapes  _____Paramedic/Ambulance  _____Psychiatric  _____Payroll  _____Academic  _____Xrays

_____Radiological  _____Other/Explanation

### 3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:  (Must select at least one)

_____Data/Computer Generated  _____Typed/Hand Written Notes  _____Summary  _____Radiological

_____Audio/Video  _____Pathological  _____Other_____

### 4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:  (Must select at least one)

_____The produced records is a true copy of all the records described in the Deposition Subpoena,
Subpoena Duces Tecum or Authorization.

_____Pursuant to Evidence Code Section 1560(e), the original records described in the
Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the
Attorney's representative for copying at the witness' place of business.

_____The following records were omitted or could not be produced at this time for the following reason:
_____

### 5. CERTIFICATION OF NO RECORDS:  (Must Select at least one)

_____A thorough search of our files, carried out under my direction revealed no documents,
records or other material called for in the Subpoena or Authorization.

_____Existing records not within the time limitation set forth in the request.

_____All records have been destroyed in accordance with our document retention policy.

_____Other explanation:_____

Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS,
declare that the foregoing is true and correct.

Date: _____  City_____  California.

Custodian
Signature →  Print name _____  Signed_____

---

**(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**

I, the undersigned, declare that I made true copies of all of the original records that were given to me
by the Custodian of Records at the above named location. I declare under penalty of perjury that the
foregoing is true and correct.

Executed on _____  At_____  California

Print name _____  Signed_____

10:06   816-070-8051           US LEGAL SUPPORT              PAGE  28/28

...194) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### WESTERN  DISTRICT OF  WASHINGTON

CONNECTU LLC

|  |  |
|---|---|
| v. | **SUBPOENA IN A CIVIL CASE** |
| FACEBOOK, INC., ET AL | |

Case Number: [1] 1:04-CV-11923
USDC District of Massachusetts

TO: John Taves
1514 233rd Place, NE #1
Sammamish, Washington 98074

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 18, 2006, 1:00 p.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 11, 2006, 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Theresa A. Sutton, Counsel for Defendants Facebook, Zuckerberg, Moskovitz, McCollum, and Hughes    (Tel: 650.614.7400)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

1902 © American Legalnet, Inc.

...ral Rules of Civil Procedure, Parts C & D:

...TION OF PERSONS SUBJECT TO SUBPOENAS.

... party  or  an attorney responsible for the issuance and service of a
...a  shall take reasonable steps to avoid imposing undue burden or expense
... person subject to that subpoena.  The court on behalf of which the subpoena
... issued shall enforce this duty and impose upon the party or attorney in breach
... this duty an appropriate sanction which may include, but is not limited to, lost
... earnings and reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection and copying
of designated books, papers, documents or tangible things, or inspection of
premises need not appear in person at the place of production or inspection unless
commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to
produce and permit inspection and copying may, within 14 days after service of
subpoena or before the time specified for compliance if such time is less than 14
days after service, serve upon the party or attorney designated in the subpoena
written objection to inspection or copying of any or all of the designated materials
or of the premises.  If objection is made, the party serving the subpoena shall not
be entitled to inspect and copy materials or inspect the premises except pursuant
to an order of the court by which the subpoena was issued.  If objection has been
made, the party serving the subpoena may, upon notice to the person commanded
to produce, move at any time for an order to compel the production.  Such an order
to comply production shall protect any person who is not a party or an officer of a
party from significant expense resulting from the inspection and copying
commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall
quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance.

(ii)  requires a person who is not a party or an officer of a party to
travel to a place more than 100 miles from the place where that person resides, is
employed or regularly transacts business in person, except that, subject to the
provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to
attend

... be commanded to travel from any such place within the state in which the trial
is held, or

(iii)  requires disclosure of privileged or other protected matter and
no exception or waiver applies, or

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential
research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or
information not describing specific events or occurrences in dispute and resulting
from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to
incur substantial expense to travel more than 100 miles to attend trial, the court
may, to protect a person subject to or affected by the subpoena, quash or modify
the subpoena, or, if the party in whose behalf the subpoena is issued shows a
substantial need for the testimony or material that cannot be otherwise met without
undue hardship and assures that the person to whom the subpoena is addressed will
be reasonably compensated, the court may order appearance or production only
upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce
them as they are kept in the usual course of business or shall organize and label
them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is
privileged or subject to protection as trial preparation materials, the claim shall be
made expressly and shall be supported by a description of the nature of the
documents, communications, or things not produced that is sufficient to enable the
demanding party to contest the claim.

2002 © American LegalNet, Inc

10:06     818-876-9881          US LEGAL SUPPORT                    PAGE  23/26

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, | CIVIL ACTION NO. 1:04-CV-11923 |
| Plaintiffs, | (DPW) |
| v. | |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC., | |
| Defendants. | |
| MARK ZUCKERBERG, and FACEBOOK, INC., | |
| Counterclaimants, | |
| v. | |
| CONNECTU LLC, | |
| Counterdefendant, | |
| and | |
| CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, | |
| Additional Counterdefendants. | |

## NOTICE OF SUBPOENA TO JOHN TAVES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure Defendant and Counterclaimant Facebook, Inc. will take, by oral examination, the deposition of John Taves, which will commence on October 18, 2006, at 1:00 P.M. at the law offices of Orrick, Herrington & Sutcliffe, LLP, 719 Second Avenue, Seattle, Washington, or at a time and place agreed upon by counsel. The deposition will continue from

-1-

NOTICE OF SUBPOENA TO JOHN TAVES

day to day until completed.  The testimony of Mr. Taves will be recorded by video, as well as

stenographic means including the instant visual display of testimony.  The deposition will be

taken before an officer authorized by law to administer oaths pursuant to Rule 28 of the Federal

Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal

Rules of Civil Procedure, Facebook will request that Mr. Taves produce the documents identified

in Attachment A to the subpoena for inspection and copying at the same date, time and address

listed in the subpoena.  A true and correct copy of the subpoena is attached.

Dated:  September 26, 2006

Theresa A. Sutton (*Admitted Pro Hac Vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:   (617) 526-9899

Attorneys for Mark Zuckerberg,
Dustin Moskovitz, Andrew McCollum,
Christopher Hughes, and Facebook, Inc.

-2-
NOTICE OF SUBPOENA TO JOHN TAVES

OHS West:260097035.1

## Attachment A

1. All communications that refer to, relate to, or reflect the organization or membership of ConnectU LLC as of September 2, 2004, including all communications with any party representing ConnectU LLC or www.connectu.com which reflects worked performed for ConnectU LLC or the responsibilities of that party to ConnectU LLC.

2. All communications that refer to Divya Narendra (including as a recipient of any such communication) and that summarize, describe, refer or relate to ConnectU LLC, www.connectu.com, or HarvardConnection.

3. All communications between you and HarvardConnection; iMarc, LLC; ConnectU, LLC; ConnectU, Inc.; Cameron Winklevoss; Tyler Winklevoss; Howard Winklevoss; and/or Maria Antonelli.

4. All communications that summarize, describe or refer to the formation and membership of ConnectU LLC or Harvard Connection.

5. All handwritten notes, billing records, emails, electronic communications, or the like, which refer or relate to ConnectU LLC, www.connectu.com, www.facebook.com, and/or TheFacebook.

6. All billing or similar records for worked performed for, on behalf of, or by, Harvard Connection, ConnectU LLC, and/or www.connectu.com, including the dates of such work.

7. All communications that summarize the role of Winklevoss Consultants, Inc, Winklevoss Technologies, LLC or Winklevoss LLC, to the extent that such communications also concern Harvard Connection, ConnectU LLC or www.connectu.com.

OHS West:260097393.1

18:65   818-878-9851   US LEGAL SUPPORT   PAGE 25/28

# LEGAL SUPPORT

1 Las Virgenes Road, Suite 100, Calabasas, California 91302
JNE: (818) 878-9227  FAX:(818) 878-9851

00362462-04

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON:  Connactu

D.O.B.:          S.S.N.:          LOCATION: John Taves

I being the duly authorized custodian of records and having the authority to certify the records, declare the following:

### 1. DESCRIPTION OF RECORDS PRODUCED:   (Must select at least one)

_____ Medical   _____ Billing   _____ Radiological   _____ Insurance   _____ Employment

_____ Payroll   _____ Academic   _____ Other _____

The records were prepared by the personnel of the business in the ordinary course of business at or near the time of the act, condition, or event.

### 2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:

_____ Medical   _____ Billing   _____ WCAB Recs   _____ Insurance   _____ Physical Therapy   _____ Sign-in sheets

_____ Employment   _____ Pathology reports/materials   ___ Prescription/Pharmacy   _____ Photographs

_____ Videotapes   _____ Paramedic/Ambulance   _____ Psychiatric   _____ Payroll   _____ Academic   _____ Xrays

_____ Radiological   _____ Other/Explanation _____

### 3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:   (Must select at least one)

_____ Data/Computer Generated   _____ Typed/Hand Written Notes   _____ Summary   _____ Radiological

_____ Audio/Video   _____ Pathological   _____ Other _____

### 4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:   (Must select at least one)

_____ The produced records is a true copy of all the records described in the Deposition Subpoena, Subpoena Duces Tecum or Authorization.

_____ Pursuant to Evidence Code Section 1560(e), the original records described in the Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the Attorney's representative for copying at the witness' place of business.

_____ The following records were omitted or could not be produced at this time for the following reason: _____

### 5. CERTIFICATION OF NO RECORDS:   (Must Select at least one)

_____ A thorough search of our files, carried out under my direction revealed no documents, records or other material called for in the Subpoena or Authorization.

_____ Existing records not within the time limitation set forth in the request.

_____ All records have been destroyed in accordance with our document retention policy.

_____ Other explanation: _____

Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS, declare that the foregoing is true and correct.

Date: _____   City _____   California.

Custodian Signature →   Print name _____   Signed _____

### (OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER

I, the undersigned, declare that I made true copies of all of the original records that were given to me by the Custodian of Records at the above named location. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____   At _____   California

Print name _____   Signed _____

# EXHIBIT B

2005  18:05   810-078-9851                            US LEGAL SUPPORT             PAGE  18/25

# .S. LEGAL SUPPORT
4232-1 Las Virgenes Road, Suite 100, Calabasas, California 91302
PHONE: (818) 878-9227 FAX:(818) 878-9951                          C0362482-06

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON:  Connectu
D.O.B.:            S.S.N.:               LOCATION: Pacific Northwest Software
I being the duly authorized custodian of records and having the authority to certify the records,
declare the following:

**1. DESCRIPTION OF RECORDS PRODUCED:**  (Must select at least one)

___ Medical  ___ Billing  ___ Radiological  ___ Insurance  ___ Employment

___ Payroll  ___ Academic  ___ Other

   The records were prepared by the personnel of the business in the ordinary course of business at
   or near the time of the act, condition, or event.

**2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:**

___ Medical  ___ Billing  ___ WCAB Recs  ___ Insurance  ___ Physical Therapy  ___ Sign-in sheets

___ Employment  ___ Pathology reports/materials  ___ Prescription/Pharmacy  ___ Photographs

___ Videotapes  ___ Paramedic/Ambulance  ___ Psychiatric  ___ Payroll  ___ Academic  ___ Xrays

___ Radiological   X Other/Explanation  records relating to Requests 1, 2 and 4 on Attachment A

**3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:**  (Must select at least one)

___ Data/Computer Generated  ___ Typed/Hand Written Notes  ___ Summary  ___ Radiological

___ Audio/Video  ___ Pathological  ___ Other

**4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:**  (Must select at least one)

   ___ The produced records is a true copy of all the records described in the Deposition Subpoena,
       Subpoena Duces Tecum or Authorization.
   ___ Pursuant to Evidence Code Section 1560(e), the original records described in the
       Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the
       Attorney's representative for copying at the witness' place of business.
    X  The following records were omitted or could not be produced at this time for the following reason:
       Records relating to Requests 3, 5, 6 and 7 - see separate objection; a motion for protective

**5. CERTIFICATION OF NO RECORDS:**  (Must Select at least one)             order will be filed

    X  A thorough search of our files, carried out under my direction revealed no documents,
       records or other material called for in the Subpoena or Authorization. (Relating to Requests 1, 2 and 4)

   ___ Existing records not within the time limitation set forth in the request.

   ___ All records have been destroyed in accordance with our document retention policy.

   ___ Other explanation:

Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS,
declare that the foregoing is true and correct.

            Date:   10/17/06         City:  Redmond                Washington

Custodian                         Print name  JOHN TAVES    Signed
Signature

---

**(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**
I, the undersigned, declare that I made true copies of all of the original records that were given to me
by the Custodian of Records at the above named location. I declare under penalty of perjury that the
foregoing is true and correct.

Executed on _____  At _____  California

Print name _____   Signed _____

## LEGAL SUPPORT
1 Las Virgenes Road, Suite 100, Calabasas, California 91302
LINE: (818) 878-9227  FAX:(818) 878-9851                    00362462-04

### DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON:  Connachi
D.O.B.:            S.S.N.:           LOCATION: John Taves
I being the duly authorized custodian of records and having the authority to certify the records, declare the following:

**1. DESCRIPTION OF RECORDS PRODUCED:**  (Must select at least one)

___ Medical   ___ Billing   ___ Radiological   ___ Insurance   ___ Employment

___ Payroll   ___ Academic   ___ Other _____

The records were prepared by the personnel of the business in the ordinary course of business at or near the time of the act, condition, or event.

**2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:**

___ Medical   ___ Billing   ___ WCAB Recs   ___ Insurance   ___ Physical Therapy   ___ Sign-in sheets

___ Employment   ___ Pathology reports/materials   ___ Prescription/Pharmacy   ___ Photographs

___ Videotapes   ___ Paramedic/Ambulance   ___ Psychiatric   ___ Payroll   ___ Academic   ___ Xrays

___ Radiological   _X_ Other/Explanation:  records relating to Requests 1, 2 and 4 on Attachment A

**3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:**  (Must select at least one)

___ Data/Computer Generated   ___ Typed/Hand Written Notes   ___ Summary   ___ Radiological

___ Audio/Video   ___ Pathological   ___ Other

**4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:**  (Must select at least one)

___ The produced records is a true copy of all the records described in the Deposition Subpoena, Subpoena Duces Tecum or Authorization.

___ Pursuant to Evidence Code Section 1560(e), the original records described in the Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the Attorney's representative for copying at the witness' place of business.

_X_ The following records were omitted or could not be produced at this time for the following reason:

Records relating to Requests 3, 5, 6 and 7 - see separate objection; a motion for protective order will be filed

**5. CERTIFICATION OF NO RECORDS:**  (Must Select at least one)

_X_ A thorough search of our files, carried out under my direction revealed no documents, records or other material called for in the Subpoena or Authorization. (Relating to Requests 1, 2 and 4)

___ Existing records not within the time limitation set forth in the request.

___ All records have been destroyed in accordance with our document retention policy

___ Other explanation: _____

Under penalty of perjury and under the laws of California, I the CUSTODIAN OF RECORDS, declare that the foregoing is true and correct.

Date: 10/17/06   City: Redmond         Washington

Custodian Signature:    Print name: JOHN TAVES  Signed:

---

**(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**
I, the undersigned, declare that I made true copies of all of the original records that were given to me by the Custodian of Records at the above named location. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____   At _____   California

Print name _____   Signed _____