UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONNECTU LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>MARK ZUCKERBERG, et al.,<br><br>            Defendants. | CASE NO. C06-1640JLR<br><br>Related to: D. Mass.<br>Case No. C04-11923DPW<br><br>ORDER |

      This matter comes before the court on a motion to quash subpoenas duces tecum from non-parties JohnTaves and Pacific Northwest Software (collectively, "the Non-parties") (Dkt. # 1). The instant motion is related to an action now pending before the United States District Court for the District of Massachusetts, <u>ConnectU LLC v. Zuckerberg</u>, No. 4-11923 DPW. The court has reviewed the briefs submitted in support of and in opposition to the motion and has heard from the parties during a telephonic conference. For the reasons stated below, the court DENIES as moot in part and DENIES without prejudice in part the motion to quash; the court GRANTS the Non-parties' motion for a protective order for a limited duration.

      In the Massachusetts action, Magistrate Judge Collings is currently considering additional briefing on the question of whether the court has subject matter jurisdiction

ORDER – 1

based on diversity of citizenship. Several defendants in the underlying action ("the Facebook Defendants") served subpoenas duces tecum on the Non-parties in search of information related to the citizenship of one of the members of the Plaintiff corporation (an LLC). The Non-parties now move to quash the subpoena on grounds that it is overbroad, unduly burdensome, and untimely. As of the date of this order, Judge Collings has not made a ruling on whether the Massachusetts court has diversity jurisdiction.

In the interest of judicial economy, the court concludes that discovery directed at the Non-parties should be confined to information related to the jurisdictional dispute. The court concludes that paragraphs 1, 2, and 4 contained in Attachment A to both subpoenas clearly seek information related to the question of citizenship. On their face, the remaining provisions (paragraphs 3, 5, 6, and 7) go much further, although they may include permissible avenues of discovery on non-jurisdictional issues. The non-parties have already complied with paragraphs 1, 2, and 4 of the subpoena and therefore the court DENIES as moot their motion to quash insofar as it relates to these provisions of the subpoenas.

The court declines to rule on the propriety of the remaining requests at issue until the Massachusetts court has determined whether it has jurisdiction over the lawsuit. In the interim, the court GRANTS the Non-parties motion for a protective order limiting their production to paragraphs 1, 2, and 4 and to billing records, which the Non-parties have agreed to produce and which are partially responsive to paragraphs 5 and 6 of the subpoenas.

If Judge Collings denies the pending motion to dismiss and discovery proceeds, the court directs the parties to meet and confer regarding the outstanding discovery requests. If the dispute remains unresolved, the Non-parties may renew their motion to quash. The court therefore DENIES without prejudice the Non-parties motion to quash as it relates to paragraphs 3, 5, 6, and 7 of the subpoena.

ORDER – 2

1   For the reasons stated, the court DENIES as moot in part and DENIES without
2   prejudice in part the motion to quash; the court GRANTS the Non-parties' motion for a
3   protective order for a limited duration (Dkt. # 1).
4   Dated this 21st day of December, 2006.

                                              JAMES L. ROBART
                                              United States District Judge

ORDER – 3